```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

KATHLEEN HENNESSY,

       Plaintiff,

v.                           Case No. 8:24-cv-2302-VMC-AEP

GARRISON PROPERTY AND CASUALTY
INSURANCE COMPANY,

       Defendant.
_____/

**ORDER**

    This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

**Discussion**

    This action was removed to this Court on October 1, 2024, on the basis of diversity jurisdiction. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."

Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at ¶ 1) ("This is an action for damages which exceeds the sum of Fifty Thousand and 00/100 Dollars ($50,000), exclusive of interest and costs."). Instead, Garrison initially relied exclusively on a pre-suit demand letter to establish that the amount in controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 1 at 3-4). In that letter, Plaintiff Kathleen Hennessy demanded $500,000 in settlement for damages she suffered from an uninsured motorist, while covered by a Garrison insurance policy. (Doc. # 1-5 at 2). Because the demand letter sought more than $75,000, Garrison initially contended that it had established the amount in controversy by the preponderance of the evidence.

On October 3, 2024, the Court ordered Garrison to provide more concrete evidence to establish that the damages exceed the $75,000 jurisdictional threshold. (Doc. # 7). On October 16, 2024, Garrison responded to the Court's order. (Doc. #

2

13). In that notice, Garrison provided correspondence from Ms. Hennessy's doctors from June 26, 2024, and July 30, 2024, which document future medical expenses that Ms. Hennessy may incur as a result of her injuries. (Doc. ## 13-1, 13-2). Garrison argues that the demand letter and medical correspondence together establish that the amount-in-controversy meets the $75,000 jurisdictional threshold. (Doc. # 13).

The Court disagrees. Demand letters do not automatically establish the amount in controversy. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No.3:10-cv-615-TJC-JK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-E_J, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

A review of the pre-suit demand letter shows that Ms. Hennessy has only incurred $25,472.75 in medical expenses thus far. (Doc. # 1-7 at 2-6). The remaining damages are hypothetical future medical expenses: a surgery estimated to cost $216,000, and two other spine surgeries totaling an estimated $282,000 (Doc. ## 13-1 at 12, 13-2 at 33). These estimates were given on June 26, 2024, and July 30, 2024, respectively. (Id.). Between then and October 1, 2024, the date of removal, there is no evidence provided to show that Ms. Hennessy incurred any further medical expenses. Thus, the Court cannot conclude that the costs of these future surgeries qualify as sufficiently concrete damages to be included in the amount in controversy. As only $25,472.75 in economic damages had been incurred at the time of removal, with the remaining damages being speculative future medical damages, the letter's demand for $500,000 is an aggressive negotiating tactic rather than an accurate assessment of the amount in controversy.

In sum, the record does not show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The complaint alleges a nonspecific amount and the pre-suit demand letter is mere posturing because it presents only proven damages of approximately $25,472.75, while speculating

4

that future medical costs will push the total damages higher. The medical correspondence provided was dated more than two months before the time of removal, leading the Court to view this evidence as mere speculation over potential future medical expenses.

As such, the Court determines Garrison has not sufficiently demonstrated that the jurisdictional amount in controversy has been satisfied and this Court lacks jurisdiction. Accordingly, this case is remanded to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of October, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5